UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ALLEN CARY,
and STEARNS,

       Plaintiffs,                       Case No. 23-cv-13197
                                           Hon. Matthew F. Leitman

v.

HEIDI WASHINGTON,

       Defendant.
_____/

## ORDER (1) DISMISSING COMPLAINT (ECF No. 1) AND (2) DENYING PENDING MOTIONS (ECF Nos. 8, 9, 10)

On December 12, 2023, Plaintiffs Bryan Allen Cary and Stearns filed this *pro se* civil-rights Complaint against Defendant Heidi Washington pursuant to 42 U.S.C. § 1983. Cary is a state inmate in the custody of the Michigan Department of Corrections; Stearns appears to be Cary's fiancée. Neither Stearns nor Cary has paid the required filing fee or submitted an application to proceed *in forma pauperis* in this case. Upon review of Plaintiffs' Complaint and Cary's litigation history in the federal courts, the Court concludes that this case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Due to the dismissal of his Complaint, the Court will also deny all of Plaintiffs' pending motions (ECF Nos. 8, 9, and 10) without prejudice.

**I**

The Court begins with the claims of co-Plaintiff Stearns. 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." Stearns has not paid the required filing fee. Nor has she submitted an application to proceed *in forma pauperis*. All individuals, both prisoners and non-prisoners, who seek to proceed *in forma pauperis* in federal court must file a form or affidavit which states all of the assets possessed by that individual. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). Because Stearns has neither paid the $350.00 filing fee nor filed any documents in support of a request to proceed *in forma pauperis,* the Court will dismiss her claims without prejudice.

**II**

The Court now turns to the claims of co-Plaintiff Cary. Like Stearns, Cary has neither paid the required filing fee nor filed an application to proceed *in forma pauperis*. But even if Cary had filed such an application, the Court would not grant it. As noted above, Cary is a state inmate. Under the Prison Litigation Reform Act, "a prisoner may not proceed *in forma pauperis* where a federal court [has] dismissed the incarcerated plaintiff's action (because it was frivolous, malicious, or failed to state a claim for which relief may be granted) three or more times." *Jenkins v.*

*Mutschler*, 2021 WL 3885898, at *1 (E.D. Mich. Aug. 31, 2021) (citing 28 U.S.C. § 1915(g)). This is known as the "three-strikes" rule. *See id.* A review of federal court records indicates that Cary has had at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 1:18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). In addition, Cary has been informed at least eleven times that he was precluded from proceeding *in forma* pursuant to § 1915(g) because of these prior dismissals. *See Cary v. Farris,* No. 22-cv-12136, 2022 WL 10145635 (E.D. Mich. Oct. 17, 2022); *Cary v. Loxton,* No. 2:22-cv-10854, 2022 WL 1670101 (E.D. Mich. May 25, 2022); *Cary v. Ali,* 22-cv-10348 (E.D. Mich. May 9, 2022); *Cary v. Ali*, No. 2:21-cv-13044, 2022 WL 71776 (E.D. Mich. Jan. 6, 2022); *Cary v. Dalton,* 21-cv-13047 (E.D. Mich. Jan. 12, 2022); *Cary v. Allen*, No. 2:21-cv-10415, 2021 WL 1165498 (E.D. Mich. Mar. 26, 2021); *Cary v. Parole Board, Et. Al.,* No. 19-cv-12634, 2019 WL 10754111 (E.D. Mich. Nov. 18, 2019); *Cary v. Pavitt*, No. 2:19-cv-13397, 2019 WL 7020352 (E.D. Mich. Dec. 20, 2019); *Cary v. Allen*, No. 19-cv-13416, 2019 WL 6776030 (E.D. Mich. Dec. 12, 2019); *Cary v. Peterson*, No. 19-cv-13393, 2019 WL 6339843 (E.D. Mich. Nov. 27, 2019) (E.D. Mich. Nov. 27, 2019); *Cary v. McCumber-Hemry*,

No. 17-cv-12842 (E.D. Mich. July 12, 2018). Thus, Cary cannot proceed *in forma pauperis* in this action.

Cary is also not eligible to proceed under an exception to the "three-strikes" rule known as the "imminent danger" exception. Under that exception, "[a] prisoner may avoid three-strikes dismissal by alleging facts showing he 'is under imminent danger of serious physical injury.'" *Jenkins*, 2021 WL 3885898, at *1 (quoting 28 U.S.C. § 1915(g)). Here, Cary alleges in the Complaint that Michigan's Offender Tracking Information System ("OTIS") incorrectly listed him as a member of the Cash Flow Posse STG, and, as a result, a $60,000.00 "hit" was put on him. Cary further claims that he was warned to clear this information off of his OTIS page or he and his family would be harmed. Cary says that he told his parole officer about the threats when he was paroled but nothing was done about it. Cary also asserts that various family members and Stearns have been physically or sexually assaulted. But he offers no documentation in support of those claims. Indeed, while Cary has frequently alleged in cases filed in this District that either he, his fiancée, or various family members have been physically or sexually assaulted or threatened in an attempt to invoke the imminent danger exception to Section 1915(g), he has not produced evidence supporting those claims in any of those cases.

Other Judges on this Court have frequently rejected similar allegations of imminent danger by Cary as being conclusory, unsupported, or fanciful. *See Cary v.*

*Ali,* No. 22-cv-10348, Dkt. No. 5, at ** 1-3 (denying Cary's application to proceed *in forma pauperis* and concluding that Cary's vague allegations that he was being attacked after defendant allegedly informed other inmates that Cart was a snitch, a homosexual, and a member of a gang were insufficient to invoke the imminent danger exception); *Cary v. Allen*, 2021 WL 1165498, at * 2 (E.D. Mich. Mar. 26, 2021) (holding that Cary's allegations that the defendants were deliberately indifferent to the threats against him and failed to protect him while he was out of prison and on parole from January to May 2019 failed to satisfy the imminent danger exception); *Cary v. Allen*, 2019 WL 6776030, at * 1 (E.D. Mich. Dec. 12, 2019 (holding that Cary's allegation that "I'm scared to state the deal I made with [Defendant] Dungy because I don't want my loved ones hurt" was insufficient to invoke the imminent danger exception).

In addition, subsequent to the filing of Cary's current Complaint, Judges in this District have continued to deny Cary permission to proceed *in forma pauperis* on the ground that allegations similar to those made here were insufficient to satisfy the imminent danger exception because they were conclusory and a rehash of similar imminent danger allegations that Judges had previously rejected. *See Cary v. Teske*, 2024 WL 730285, at * 2 (E.D. Mich. Feb. 22, 2024) (finding that Cary's allegations that several "STGs" put "hits" out on him because prison staff told inmates that he is a "pedophile" and a "snitch," that he was assaulted by another inmate, and that the

defendant was trying to get other inmates to attack him was unsupported and similar to prior imminent danger allegations that had already been rejected by Judges in prior cases); *Cary v. Teske,* 24-cv-10594, Dkt. No. 8, at ** 1-2, 5-6 (E.D. Mich. Apr. 1, 2024) (concluding that Cary's allegations that OTIS records incorrectly identify him as a member of the "Cash Flow Posse" gang when he is actually a retired member of the "Latin Kings" gang and that he has been assaulted numerous times since 2018 did not satisfy the imminent danger exception).

As in the cases identified above, Cary's allegations of imminent danger here are not supported by any evidentiary material and consist of nothing more than "a thinly veiled rehashing" of similar claims made by Cary in prior lawsuits. The allegations therefore do not come within the imminent danger exception to the three-strikes rule. *See Chance v. Tennessee,* 47 F. App'x. 762, 763 (6th Cir. 2002).

For all of these reasons, the Court will **DISMISS** Cary's claims. The Court will dismiss the claims without prejudice so that if Cary wishes, and he pays the required filing fee, he may re-file his claims in a new action.

### III

For all of the reasons explained above, the Complaint in this action (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). Because the Court is dismissing Plaintiffs' Complaint, it will also **DENY** Plaintiffs' pending motions (ECF Nos. 8, 9, 10) are **WITHOUT PREJUDICE.** Finally, **IT**

6

**IS FURTHER ORDERED AND CERTIFIED** that any appeal of this order taken by the Plaintiffs could not be taken in good faith.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 30, 2024


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 30, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
